# United States District Court
# Northern District of Illinois

| | |
|---|---|
| YASIN YASIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:14-CV-1220 JVB |
| v. | ) |
| | ) |
| MICHAEL MONACO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before this court are multiple filings by the parties, including a complaint alleging constitutional violations pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), by Yasin Yasin, a *pro se* plaintiff. (*See* DE 1, 11, 12, 17, 18, 20, 21.) Upon review, Yasin listed a street address on his appearance form, but it is apparent from the content of his complaint, as well as public court records, that he was incarcerated at the time he filed this action.[1] Accordingly, his complaint is subject to screening pursuant to 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a

---

[1] Public court records indicate that Yasin was taken into federal custody to begin serving a 39-month sentence for mail fraud on February 12, 2014. *United States v. Yasin*, No. 1:12-CR-779 (N.D. Ill. order dated Feb. 12, 2014.) He filed this action on February 19, 2014. (DE 1.) In his original complaint, he makes reference to being held in federal custody. (DE 1 at 2 ("Today Mr. Yasin Yasin is being held as a political prisoner in the Federal Bureau of Prison as of 2014 of February 12.").)

claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In screening the complaint, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to public court records, Yasin pled guilty to federal mail fraud in May 2013.[2] *See United States v. Yasin*, No. 1:12-CR-779 (N.D. Ill. filed October 2, 2012), DE 15-16. In January 2014, he was sentenced to 39 months in federal prison and ordered to pay approximately $1.9 million in restitution. *Id.*, DE 37. In February 2014, he was taken into custody to begin serving his sentence. *Id.*, DE 49. He has filed a *pro se* motion in the criminal case arguing ineffective assistance of counsel and, in essence, seeking to withdraw his guilty plea. *Id.*, DE 33. To date, the motion remains pending. *Id.*, DE 54.

On February 19, 2014, Yasin filed the present lawsuit. (DE 1.) On April 21, 2014, he filed an amended complaint. (DE 21.) He sues the federal judge presiding over his criminal case, two federal prosecutors, an unnamed Secret Service agent involved in the criminal investigation, and his retained counsel. Giving the complaint liberal construction, he alleges that the judge committed various errors in connection with the case, including allowing Yasin to be prosecuted and improperly calculating his sentence; the prosecutors wrongfully pursued charges against him

---

[2] In deciding whether a complaint survives dismissal, the court may properly look to the complaint itself, documents attached to the complaint, documents that are central to the complaint or referred to within it, and documents subject to judicial notice such as public records. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

2

after he cooperated with the government; the Secret Service agent violated his Fourth Amendment rights in connection with a search of his business in 2007; and his attorney provided ineffective assistance in connection with his guilty plea. (DE 21 at 2-4.) He seeks $2 million in compensatory and punitive damages against the defendants for his wrongful incarceration, as well as "[a]ny other relief this court deems just and fair." (*Id.* at 4.)

Upon review, Yasin's claims cannot proceed. He cannot sue his retained counsel for constitutional violations because the Constitution only applies to state actors. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009). Even if his attorney were appointed as a public defender, he would not be considered a state actor. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Furthermore, to the extent Yasin is trying to obtain an order declaring that his Sixth Amendment rights were violated in the criminal case such that he is being wrongfully incarcerated, this type of relief cannot be obtained in a civil rights action; instead such relief can only be pursued in the criminal case (as Yasin is presently doing), or in a habeas proceeding under 28 U.S.C. § 2255. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983); *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (holding that rationale of *Preiser* "applies just as soundly to federal prisoners filing a claim based on *Bivens*").

Additionally, the prosecutors cannot be sued for damages based on their decision to pursue charges against Yasin or to use certain evidence against him. *Imbler v. Pachtman,* 424

U.S. 409, 431 (1976). ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *see also Butz v. Economou*, 438 U.S. 478, 501 (1983) (concluding that federal official enjoys same level of immunity in *Bivens* action as would a state official in a Section 1983 suit). In the same vein, the judge is entitled to absolutely judicial immunity for his decisions and rulings in the criminal case. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Yasin may have some remedy available through appellate process if he believes the judge erred, but he cannot proceed with a federal civil rights suit seeking damages against him.[3] *See Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005). Again, if Yasin is seeking a determination that his rights were violated in the criminal case such that he is being wrongfully imprisoned, he must pursue this relief in the criminal case or in a 28 U.S.C. § 2255 proceeding.

To the extent Yasin has a claim against the defendants that survives these barriers, it would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in any event. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87. The *Heck* doctrine applies equally to *Bivens* actions. *Case v. Milewski*, 327 F.3d 564, 568-69 (7th Cir. 2003). Here, there is no indication from the complaint that Yasin's conviction has been vacated, set aside, or overturned. Instead, it is apparent that he remains

---

[3] The court notes that the plea agreement Yasin attaches to his complaint contains an appeal waiver, although it is not for this court to decide whether that waiver is enforceable. (*See* DE 21 at 41.)

4

incarcerated on this conviction and is presently attacking the validity of his guilty plea in the criminal case. *Yasin*, No. 1:12-CR-779, DE 33. Unless his conviction is vacated, overturned on appeal, or set aside, he cannot pursue a claim for damages premised on his wrongful incarceration.

Finally, as to the Secret Service agent, Yasin does not clearly outline how this agent violated his Fourth Amendment rights. However, it is clear that he is complaining about a search of his business that occurred in 2007. Claims for unlawful search and seizure and other Fourth Amendment violations accrue at the time of the violation. *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). Such claims must be brought within two years. *See Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) ("In Illinois, the statute of limitations for personal injury actions is two years, and so section 1983 actions litigated in federal courts in Illinois are subject to that two-year period of limitations."); *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 913 (7th Cir. 2000) (*Bivens* action, like an action under 42 U.S.C. § 1983, is subject to state statute of limitations applicable to personal injury suits). Here, Yasin is seeking to challenge a search that occurred seven years ago. His claim is untimely and must be dismissed.[4]

For the reasons set forth above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The defendants' motions to dismiss (DE 11, 12) are **DENIED** as moot. The plaintiff's "Petition for writ of habeas corpus ad testadacundum" (DE 20) and other filings (DE 17, 18) are

---

[4] Although the statute of limitations is an affirmative defense, dismissal at the pleading stage is appropriate when it is clear from the face of the complaint that the claim is time-barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). That standard is satisfied here.

**DENIED** as moot. The clerk is **DIRECTED** to update the plaintiff's address to the Metropolitan Correctional Center, which is the last known address he lists on his filings.

**SO ORDERED** on June 4, 2014.

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Northern District of Indiana
Hammond Division